## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

INCREDIBLEBANK,
   Plaintiff,

vs.

PROVOCATIVE (O.N. 1248080, NO. NV9272LC),
her engines, tackle, apparel, appurtenances, etc.,
*in rem*, JONATHAN COHEN, *in personam*
   Defendant.

Civil Action No.
IN ADMIRALTY

## VERIFIED COMPLAINT

NOW COMES Plaintiff, IncredibleBank, ("Plaintiff") by its attorneys, and for its Verified Complaint against Defendant, the vessel PROVOCATIVE (O.N. 1248080), State of Nevada No. NV9272LC, her engines, tackle, apparel, appurtenances, etc. (the "Vessel"), *in rem*, and against Defendant Jonathan Cohen ("Cohen"), *in personam*, states as follows:

### JURISDICTION AND VENUE

1. Plaintiff's *in rem* claims against the Vessel in Count I (for possession of the Vessel), and Count II (a petitory suit to try title to the Vessel), are cases of admiralty and maritime jurisdiction, under 28 U.S.C. §1333, and are admiralty and maritime claims within the meaning of Fed. R. Civ. P. 9(h), and more specifically, within Rule D of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (hereinafter "Supplemental Rules").

2.  Plaintiff's *in personam* claims against Defendant Cohen, in Count III and Count IV, may be brought in this Honorable Court pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367, as these claims arise out of a common nucleus of operative facts with Plaintiff's *in rem* and *in personam* claims brought under Rule D of the Supplemental Rules, and the resolution of the factually connected claims in a single proceeding will further the interests of conserving judicial resources and fairness to the parties.

3.  Plaintiff's *in personam* claims in Count IV may also be brought in this Honorable Court pursuant to Federal Rule of Civil Procedure 64.

4.  Venue in this District of Rhode Island is proper under 28 U.S.C. § 1391(b), Rule D of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and the general maritime law.

## PARTIES

5.  Plaintiff is a bank with its principal place of business in Wausau, Wisconsin.

6.  The Vessel is a 2010 Outerlimits 44SL, with a serial number OPL44104K910, and is documented under the laws of the United States of America and bears Official Number 1240808, and is also documented under the State of Nevada with a Boat Number of NV9272LC. Upon information and belief, the Vessel, including her engines, tackle, apparel, appurtenances, etc., is now or during the pendency of this Action will be located within the District of Rhode Island, and within the jurisdiction of this Honorable Court.

7.  Defendant Cohen is an individual with a place of residence at 208 S Clark Drive, Beverly Hills, CA 90211.

## FACTUAL ALLEGATIONS

8. On July 1, 2019, Cohen, for valuable consideration, executed and delivered a Promissory Note to Plaintiff, so that Plaintiff made available to Cohen a loan in the principal amount of $255,600.00, pursuant to the terms and conditions as more specifically identified therein. A true and correct copy of the Promissory Note is attached hereto and incorporated herein by reference as *Exhibit A*.

9. Also on July 1, 2019, Cohen granted "to Lender a security interest in all of the Property described below" as evidenced by the Consumer Security Agreement ("Security Agreement"), executed and delivered by Cohen in favor of Plaintiff. A true and correct copy of the Security Agreement is attached hereto and incorporated herein by reference as *Exhibit B*.

10. The property ("Property") that was described in the Security Agreement included the following:

2010 Outerlimits 44SL (Serial Number OPL44104K910)

2012 MYCO 44SL TRAILER (Serial Number 1M9BA4434CB817060) (the "Trailer")

2010 Mercury Racing HP1075SCI ENGINE (Serial Number OM906155)

2010 Mercury Racing HP1075SCI ENGINE (Serial Number OM906149)

*See Exhibit B*.

11. Pursuant to the terms of the Promissory Note, Cohen agreed to make 179 payments in the amount of $2,107.01, starting August 1, 2019, and following on the first day of each month after that. The final irregular payment of $2,107.24 would be made on July 1, 2034. Collectively, these payment obligations will be known as the "Obligations." *See Exhibit A*.

12. To secure Cohen's Obligations as set forth in the Promissory Note, Cohen acknowledged that "this Note is secured by . . . '(A) a Consumer Security Agreement dated July

3

1, 2019 made and executed between JONATHAN COHEN and Lender on collateral described as: a boat, a trailer, and titled collateral.'" *See Exhibit A, B*.

13. To declare its security interest in the Vessel, on July 27, 2021, Plaintiff obtained title to the Vessel in the State of Nevada, listing the legal owner as Incredible Bank and the registered owner being Jonathan Michael Cohen. *See Exhibit C*.

14. To declare its security interest in the Trailer, on June 15, 2022, Plaintiff obtained a lien on the State of California Certificate of Title, identifying the Trailer as Vehicle ID No. 1M9BA4434CB817060, year 2012, make MYCO, and plate number 4LJ4291. The Certificate of Title names Incredible Bank as the lienholder and Jonathan Cohen as the registered owner. A true and correct copy of the Certificate of Title is attached hereto and incorporated herein by reference as *Exhibit D*.

15. To perfect its security interest in the Motors, on October 13, 2020, Plaintiff filed a UCC Financing Statement identifying the two (2) 2010 Mercury Racing HP1075SCI Engines identified by serial numbers OM906155 and OM906149, with the California Secretary of State as filing number U200025205822. A true and correct copy of the UCC Financing Statement is attached hereto and incorporated herein by reference as *Exhibit E*.

16. Pursuant to the terms of the Promissory Note, Cohen would be in default when "I [Cohen] fail to make any payment when due under this Note." *Exhibit A*.

17. The Promissory Note further provides that "[u]pon maturity, whether scheduled or accelerated because of my [Cohen's] default, the interest rate on this Note shall be increased to 12.000% per annum." *Exhibit A*.

18. Pursuant to the terms of the Security Agreement, Cohen "may keep and use the Property so long as I [Cohen] am not in default under this Agreement." *Exhibit B*.

19. The Security Agreement further provides that if the borrower, Cohen, would become in default, the Lender has the following rights:

"Lender may declare all indebtedness immediately due and payable, without notice;"

"Lender will have all the rights of a secured party under the Uniform Commercial Code and other applicable law. This means, among other rights, that Lender may enter upon the premises at the address shown above and take the Property peaceably and sell it. Lender may also, to the extent permitted by law, enter peaceably upon other premises for the purpose of taking the Property, and I [Cohen] consent to such entry;" and "I [Cohen] irrevocably appoint[s] Lender as my attorney-in-fact to execute documents necessary to transfer title if there is a default."

*Exhibit B.*

20. In addition, the Security Agreement provides that Cohen will "agree to pay all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Agreement." *Exhibit B*.

21. The Promissory Note also provides that the "Lender may hire or pay someone else to help collect this Note if I [Cohen] do not pay. I will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses." *Exhibit A*.

22. Cohen failed to make numerous payments on the required due dates, including on or about 12/1/2019, 1/1/2020, 9/1/2020, 4/1/2021, 3/1/2021, 3/1/2022, 4/1/2022, 5/1/2022, 6/1/2022.

23. Although such events constituted default, Plaintiff attempted to assist Cohen meet his Obligations under the agreements by modifying the Promissory Note on June 14, 2022, by

executing a Modification Agreement that amended the payment schedule, so that "146 installments of principal and interest in the amount of $2,107.01 will be due on August 1, 2022, and on the same day of each month thereafter." The Modification Agreement restated that "Lender may exercise all rights and remedies for default in payment of any installment when due under the terms of this Agreement." A true and correct copy of the Modification Agreement is attached hereto as *Exhibit F*.

24. Cohen signed the Modification Agreement on June 16, 2022. *See Exhibit F*.

25. Cohen made a payment of $2,107.01 on August 1, 2022. However, the payment was reversed on August 4, 2022, due to insufficient funds in Cohen's account, such that the payment did not apply to the balance.

26. Because the payment did not apply to the balance, Cohen failed to make a payment to the balance when it was due and was therefore in default.

27. On or about August 12, 2022, Plaintiff declared Cohen in default. Plaintiff increased the interest rate on the Promissory Note to 12.00% and accelerated the remaining balance of $224,184.71 due under the Promissory Note.

28. After Cohen was declared to be in default of the Obligations, he attempted to make approximately five more payments of $2,107.01, some of which were reversed due to insufficient funds.

29. However, since the default, Cohen has not paid the remaining balance under the Promissory Note.

## The Location of the Property

30. Pursuant to the terms of the Security Agreement, "I [Cohen] agree to keep the Property at my address shown above unless Lender tells me I can move it." *Exhibit B*.

31. Despite Cohen's representation that the Property would remain in California, Cohen caused the Property to be moved to Rhode Island without receiving consent from Plaintiff to do so.

32. Upon information and belief, Cohen shipped the Property to Rhode Island on or about April 24, 2020.

33. Upon information and belief, the Property is currently located at Outerlimits Offshore Performance Ltd., in Bristol, Rhode Island.

**The Insurance Payments**

34. In addition, under the Security Agreement, Cohen agreed that, "I [Cohen] will keep the Property in good condition and repair." Cohen also agreed that "[if] the Property is damaged, lost or stolen, I [Cohen] immediately will inform Lender," and that "I [Cohen] will provide Lender with the original insurance policy . . . including an endorsement naming Lender as the party to whom all losses will be paid." *Exhibit B*.

35. Upon information and belief, Cohen obtained insurance on the Property through Geico Boat U.S, or an affiliate thereof.

36. Upon information and belief, Cohen caused claims to be made on the Property, in the sum of approximately $37,673.19 on October 17, 2019, and in the sum of approximately $85,071.82 on March 3, 2020. Plaintiff was informed of these claims.

37. However, upon information and belief, Cohen caused additional claims to be made on the Property that Cohen did not notify Plaintiff of.

38. Upon information and belief, Cohen caused the following additional claims to be made on the Property: a $7,529.20 claim on April 24, 2020; a $1,725.00 claim on April 28, 2020; and a $27,600.00 claim on May 27, 2020.

39. Plaintiff was not paid for any of the aforementioned losses.

40. Cohen remains in possession of the Property.

### COUNT I - SUPPLEMENTAL RULE D POSSESSORY ACTION ALLEGATIONS
### (Against the Vessel *in rem*)

41. The allegations of paragraphs number 1-40 of this Verified Complaint are incorporated as if fully set forth herein.

42. This Count arises under Supplemental Rule D and the general maritime law.

43. Plaintiff has a legal claim to possession of the Vessel as a result of the Security Agreement entered into between Plaintiff and Cohen on July 1, 2019, wherein Cohen granted to Plaintiff, "a security interest in all of the Property" and a right to repossession upon default.

44. Cohen is in default under the terms and conditions of the Promissory Note; thus, Plaintiff is seeking to recover possession of the Vessel.

45. Plaintiff has been wrongfully deprived of the Vessel because Cohen has failed to return the Vessel to Plaintiff.

46. As a result of the foregoing, and by virtue of Plaintiff's exclusive title and interest in the Vessel, Plaintiff is entitled to be placed in possession of the Vessel and be awarded its costs, fees, expenses and attorneys' fees in recovering the same.

### COUNT II - SUPPLEMENTAL RULE D PETITORY ACTION
### (Against the Vessel *in rem*)

47. The allegations of paragraphs numbers 1-46 of this Verified Complaint are incorporated as if fully set forth herein.

48. This Count arises under Supplemental Rule D and the general maritime law.

49. Plaintiff has a legal claim to possession of the Vessel as a result of the Security Agreement entered into between Plaintiff and Cohen on July 1, 2019, wherein Cohen granted to

Plaintiff, "a security interest in all of the Property" which includes the Vessel, and a right to repossess the Vessel upon default.

50. As a result of the foregoing, and by virtue of Plaintiff's exclusive title and interest in the Vessel, Plaintiff is entitled to a decree that it is the true and lawful owner of the Vessel, to be placed in possession of the Vessel and to be awarded its costs, fees, expenses, and attorneys' fees incurred in securing this decree and recovering the vessel.

**COUNT III – BREACH OF CONTRACT**
**(Against Cohen *in personam*)**

51. The allegations of paragraphs numbers 1-50 of this Verified Complaint are incorporated as if fully set forth herein.

52. Pursuant to the Promissory Note, Security Agreement, and Modification Agreement (collectively, the "Agreements"), Plaintiff and Cohen are parties to the Agreements, each of which constitutes an enforceable contract.

53. Plaintiff has complied with all of its obligations pursuant to the Agreements.

54. Cohen has breached the Agreements by failing to make payment of the Obligations in accordance with the terms and conditions of the Agreements.

55. In addition, Cohen breached a representation he made in the Security Agreement by failing to request and obtain Plaintiff's consent before moving the Property from the California address shown on the Security Agreement, to a location in Rhode Island.

56. In addition, Cohen breached a representation he made in the Security Agreement by failing to inform Plaintiff of all damages to the Property.

57. In addition, Cohen breached a representation he made in the Security Agreement when he failed to cause Plaintiff to be the party to whom all losses would be paid.

58. As a direct and proximate result of Cohen's defaults of the Obligations and breaches of the Agreements, Plaintiff has suffered damages of $224,184.71, plus interest which continues to accrue through the date of judgment, costs and expenses incurred in obtaining the Property, as well as costs and reasonable attorneys' fees incurred.

59. Cohen is indebted to Plaintiff in the amount of $224,184.73, plus accrued interest, costs of collection, and attorneys' fees.

## COUNT IV – REPLEVIN
**(Against the Vessel *in personam* pursuant to Fed. R. Civ. P. 64 and R.I. § 34-21)**

60. The allegations of paragraphs numbers 1-59 of this Verified Complaint are incorporated as if fully set forth herein.

61. This Court has jurisdiction under Fed. R. Civ. P. 64, which allows the application of Rhode Island State Law § 34-21.

62. The Vessel and her engines, tackle, apparel, appurtenances, etc., are valued in excess of $5,000.00, pursuant to R.I. § 34-21-2.

63. Pursuant to the terms of the Promissory Note and Security Agreement, Plaintiff is entitled to possession of the Vessel upon a default of Cohen's Obligations to Plaintiff.

64. Cohen has defaulted on his Obligations to Plaintiff.

65. By virtue of Cohen's default on his Obligations, Cohen is no longer entitled to use and possess the Vessel; therefore, he is wrongfully detaining them.

66. Upon information and belief, the Vessel is currently located at Outerlimits Offshore Performance Ltd., in Bristol, Rhode Island.

67. Plaintiff is entitled to a writ, (i) directing that the Vessel be immediately and permanently seized and taken from the possession of Cohen; and (ii) directing that the Vessel be delivered to Plaintiff or its designated agent.

**WHEREFORE**, Plaintiff prays that this Honorable Court adjudge as follows:

A.      That *in rem* process in due form of laws, according to the practice of this Honorable Court in matters of admiralty and jurisdiction, may issue against the whole of the Vessel, and to all of her components, together with her engines, tackle, apparel, appurtenances, etc., and that all persons or entities having or claiming any interests in the Vessel be cited to appear and answer under oath, the matters aforesaid;

B.      That as to Count I, this Court enter a judgment in favor of Plaintiff, IncredibleBank, placing him in immediate possession of the Vessel and to all of her components, together with her engines, tackle, apparel, appurtenances, etc.;

C.      That as to Count II, this Court enter judgment in favor of Plaintiff, IncredibleBank, confirming title to the Vessel and to all of her components, together with her engines, tackle, apparel, appurtenances, etc., and to issue a warrant of arrest authorizing the seizure of said Vessel pursuant to Rule D of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rule of Civil Procedure;

D.      That as to Count I and II, process in due form of law according to the rules and practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the *in personam* Defendant, Jonathan Cohen, citing him to appear and answer to each and all of the matters aforementioned;

E.      That as to Counts III, judgment enter in favor of Plaintiff, IncredibleBank, against the *in personam* Defendant, Jonathan Cohen, in the full amount of its liquidated and unliquidated damages, together with prejudgment interest, costs and expenses, including attorneys' fees, and other damages which may be shown at trial;

F. That as to Count IV, judgment enter in favor of Plaintiff, Incredible Bank, granting a writ of replevin, providing for seizure of the Vessel and all her components, together with her engines, tackle, apparel, appurtenances, etc. to Plaintiff.

G. That Plaintiff, IncredibleBank, have such other and further relief as this Honorable Court may deem just and proper under the circumstances.

Respectfully submitted,

/s/ *Samuel P. Blatchley*
Samuel P. Blatchley
RI Bar No. 8284
Eckland & Blando LLP
22 Boston Wharf Road
Boston, Massachusetts 02210
(617) 217-6936
sblatchley@ecklandblando.com

*Counsel for Plaintiff IncredibleBank*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2022, a copy of the foregoing was filed through the CM/ECF system, and it is available for viewing and downloading from the CM/ECF system.

/s/ *Samuel P. Blatchley*

## **VERIFICATION**

Brent Madson hereby states under the penalty of perjury pursuant to 28 U.S. §1746 that:

1. I am the Commercial Workout Specialist of plaintiff, IncredibleBank.
2. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true to the best of my knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true.
3. The sources of my information are the business records of IncredibleBank, as well as my involvement with this customer and collection of the outstanding debt.

I hereby certify under penalty of perjury that the foregoing is true and correct on this 15 day of December, 2022.

/s/Brent Madson
Brent Madson