UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INCREDIBLEBANK, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 22-445JJM |
| | : | |
| PROVOCATIVE (O.N.1248080), et al. | : | |
|    Defendants. | : | |

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

In this admiralty case brought by IncredibleBank ("Incredible") against the Vessel Provocative (the "Vessel"), together with her trailer, engines, tackle and appurtenances, (collectively the "Secured Property"), *in rem*, with supplemental state law claims against the owner of the Secured Property, Jonathan Cohen, *in personam*, Incredible now moves pursuant to Supplemental Rule E(9)(a)(i) of the Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure for an interlocutory order that the Secured Property be sold and granting Incredible the right to credit bid up to the amount of Mr. Cohen's principal indebtedness. The time for objection to Incredible's motion has now passed and no objection has been asserted. The motion has been referred to me; I am addressing it by report and recommendation. See Schoninger v. M/V Three Olives, No. 10-69-P-H, 2010 WL 1935855, at *1 n.1 (D. Me. May 10, 2010) (citing cases) (magistrate judges generally address motions for interlocutory sale as dispositive motions).

**I. Facts and Procedural Background**

This motion is brought in reliance on and in compliance with the Court's order of January 3, 2024, ECF No. 35, which adopted in full my report and recommendation ("R+R"), ECF No. 34, and granted in part Incredible's motion for judgment on the pleadings. IncredibleBank v.

Provocative (O.N.1248080), C.A. No. 22-445JJM, 2023 WL 8650185, at *8 (D.R.I. Dec. 14, 2023), adopted sub nom. IncredibleBank v. Provocative, 2024 WL 36059 (D.R.I. Jan. 3, 2024) (collectively, "IncredibleBank").  The facts and findings adopted by the Court in IncredibleBank are based on the Verified Complaint and are incorporated herein by reference.  In addition to Mr. Cohen, also participating in the case as a maritime lien creditor is Outerlimits Offshore Performance Ltd. ("Outerlimits"), a Rhode Island manufacturer of high-performance boats that has served as the substitute custodian of the Secured Property since January 12, 2023.  ECF No. 10.

On January 12, 2023, the Court ordered the issuance of a warrant for arrest of the Vessel and related Secured Property, as well as an order appointing Outerlimits as substitute custodian. ECF Nos. 8, 10.  Since January 12, Outerlimits has served as the substitute custodian; its premises continue to be the current location of the Secured Property.  ECF No 10.  Mr. Cohen was appropriately served and filed his answer to the Verified Complaint on March 2, 2023, failing to deny the material allegations set forth in the Complaint as summarized in the R+R. IncredibleBank, 2023 WL 8650185, at *2-3.  The Court has entered judgment *in rem* in favor of Incredible and against Mr. Cohen on Count I for possession of the Secured Property, with the right to sell and convey title as set out in the underlying Security Agreement, provided that Mr. Cohen's rights under applicable law and the terms of the Promissory Note and the Security Agreement, including his right to the surplus (if any) remaining following any sale of the Secured Property and the satisfaction in full of all liens (including Incredible's judgment and Outerlimits' maritime liens and *custodia legis*) will not be adversely impacted. Id. at *8; 2024 WL 36059, at *1.  As Incredible represents and the other parties do not dispute, it has now been

well more than a year that the Vessel and related Secured Property[1] has remained under arrest and in the custody of the substitute custodian. The *custodia legis* is continuing to accrue.

## II. Applicable Law and Analysis

Pursuant to Supplemental Rule E(9)(a)(i), the Court may order the sale of an arrested vessel and related property if:

> (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;
>
> (B) the expense of keeping the property is excessive or disproportionate; or
>
> (C) there is an unreasonable delay in securing release of the property.

Fed. R. Civ. P. Supp. R. E(9)(a)(i). "To obtain an order for an interlocutory sale, a plaintiff need only show the existence of one of these three criteria." Yasi v. M/V Horizon's Edge, Civil Action No. 14-10128-DJC, 2014 WL 8484913, at *4 (D. Mass. Sept. 2, 2014) (quoting Regions Bank v. Motor Yacht ROYAL INDULGENCE, No. 3:10cv100/LAC/EMT, 2010 WL 4595792, at *3 (N.D. Fla. Oct. 13, 2010), adopted, 2010 WL 4595729, at *1 (N.D. Fla. Nov. 4, 2010)). Supplemental Rule E(9) does not require the final resolution of the merits of any particular claim; instead, it focuses on avoiding the recognized complications associated with protracted maintenance of a vessel under arrest. Moore v. M/V Sunny USA, No. 18-cv-81181-BLOOM/Reinhart, 2019 WL 10784577, at *1 (S.D. Fla. Feb. 21, 2019). Incredible relies on all three of the Supplemental Rule E(9)(a)(i) prerequisites to interlocutory sale arguing that each is met in the circumstances here.

---

[1] One exception is that the Court granted Outerlimits' motion to remove certain items from the order of arrest and return them to Mr. Cohen, which Outerlimits has filed notice representing has been done. ECF Nos. 33, 37; Text Order of Dec. 27, 2023.

Focusing first on Prong C, Incredible contends that Mr. Cohen's delay of thirteen months and counting well exceeds the time that courts have found to be reasonable to bond and procure release of a vessel.  See, e.g., Yasi, 2014 WL 8484913, at *4 ("'The general practice among courts is to allow vessel owners approximately four months to bond a vessel' in order to secure its release from custody.") (emphasis supplied) (quoting La. Int'l Marine, L.L.C. v. Drilling Rig ATLAS CENTURY, C.A. No. C-11-186, 2011 WL 7637219, at *3 (S.D. Tex. Nov. 21, 2011), adopted, 2012 WL 1067239, at *2 (S.D. Tex. Mar. 27, 2012)); Bank of Rio Vista v. VESSEL CAPTAIN PETE, No. C 04-2736CW, 2004 WL 2330704, at *2 (N.D. Cal. Oct. 14, 2004) ("As a general rule, defendants are given at least four months to bond a vessel absent some other considerations.") (emphasis supplied) (quoting United States v. F/V Fortune, No. A86-445 Civ., 1987 WL 27274, at *1 (D. Alaska Apr. 14, 1987)).  Therefore, Incredible asks the Court to find that Mr. Cohen's failure to secure the release of the Secured Property after thirteen months is an unreasonable delay, and, standing alone, is a sufficient reason for the Court to order the sale pursuant to Supplemental Rule E(9)(a)(i)(C).  I agree and recommend that the Court so find.

Regarding Prongs A and B, Incredible represents, and no party disagrees, that keeping the Vessel and related Secured Property idle and stored, with *custodia legis* rising every month while the Vessel's value is static or declining for over a year and continuing, both creates a risk of deterioration and decay and results in an excessive and disproportionate expense, particularly where Mr. Cohen has made no attempt to secure the Vessel's release.  See Cal. Yacht Marina-Chula Vista, LLC v. S/V OPILY, No. 14-cv-01215-BAS(BGS), 2015 WL 1197540, at *4 (S.D. Cal. Mar. 16, 2015) ("Maintenance expenses of several thousand dollars per month, particularly where a defendant has made no attempt to answer the complaint or secure the vessel's release, are excessive and disproportionate.").  Therefore, it contends that interlocutory sale is also

appropriate pursuant to Supplemental Rule E(9)(a)(i)(A)-(B). Mindful of the absence of objection, I agree and also recommend that the Court issue the requested relief on that basis.

Finally, Incredible's motion asks the Court to allow it to credit bid based on the amount of the principal indebtedness of $224,184.73. While there was a two-cent discrepancy in this amount in the facts outlined in the R+R, IncredibleBank, 2023 WL 8650185, at *4 n.5, the pertinent amount has been presented in the motion and no party has objected; therefore, I find that $224,184.73 represents the principal amount of the indebtedness before interest, attorney's fees and costs. Further, as Incredible points out and no party has argued otherwise, courts routinely allow secured creditors to credit bid on condition that they agree to pay or make provision for all claims adjudged to be senior in priority. See, e.g., Fortis Bank (Nederland) N.V. v. M/V SHAMROCK, No. Civ.01-147-P-S, 2004 WL 2397364, at *2 (D. Me. Oct. 26, 2004) (order of sale permits bank to credit bid based on its commitment to pay or make provision for those claims then on file in the litigation that are alleged to be superior in priority); Cal. Yacht Marina-Chula Vista, LLC, 2015 WL 1197540, at *5 (lien holder permitted to credit bid up to the lien amount); Freret Marine Supply v. M/V ENCHANTED CAPRI, No. Civ.A. 00-3805, 2003 WL 22471990, at *1 (E.D. La. Oct. 30, 2003) (secured creditor allowed to credit bid value of its mortgage, provided it agreed to pay all liens senior in priority to its mortgage). Incredible having made such a commitment, which I have incorporated into my recommendation, I recommend that the Court's order of sale permit Incredible to credit bid as it requests.

Based on the foregoing, I find that Incredible has satisfied the Supplemental Rule E(9)(a)(i) prerequisites to an interlocutory sale. Therefore, I recommend that the Court grant the relief sought, including to permit Incredible to credit bid up to the principal indebtedness of $224,184.73.

### III. Conclusion

I recommend that the Court issue as an Order as follows:

1. That the United States Marshal for the District of Rhode Island be directed to sell the Secured Property, including the Vessel, Provocative (O.N. 1248080, NO. NV9272LC), her engines, tackle, apparel, appurtenances, etc., at public auction for the highest price that can be obtained;

2. That the public auction shall take place within thirty days of the issuance of this Court's Order at a date/time acceptable to the United States Marshal at the facility of Third-Party Custodian, Outerlimits, at 3 Minturn Farm Road, Bristol, Rhode Island 02809, where the Secured Property is stored;

3. That Incredible shall give notice of the date, time, and place of the sale to (i) the owner and all lien and mortgage claimants of record by first class mail or Federal Express and (ii) the public-at-large by advertising same at least once per week for two (2) successive weeks in The Providence Journal, a newspaper of general circulation within this District, the first advertisement in the publication to be at least fourteen days prior to the Court ordered sale date pursuant to DRI LAR E(10)(a);

4. That, in reliance on Incredible's agreement to pay or make provision for all claims adjudged to be senior in priority, Incredible shall be allowed to credit bid the amount of the indebtedness, up to $224,184.73, which is the principal owed by Defendant, Jonathan Cohen, at said public sale and deposit said credit amount with the United States Marshals in lieu of cash or other funds should it be the highest bidder;

5. That the United States Marshal shall require at said sale that the highest bidder, except for Incredible which shall be entitled to credit bid, deposit with the United States Marshal on the day of sale $10,000.00 in certified check payable to the United States Marshals for the District of Rhode Island, with the balance to be paid at or before the confirmation hearing scheduled by the Court, provided that if objection to the sale is filed pursuant to DRI LAR E(10)(f), the balance shall be paid in accordance with DRI LAR E(10)(b)(3);

6. That the United States Marshals shall pay into the Registry of the United States District Court for the District of Rhode Island any and all monies received as a result of the sale and the parties who have asserted claims or liens to such proceeds, including Defendant Jonathan Cohen and Maritime Lien Claimant and Third-Party Custodian Outerlimits, will be provided an opportunity to present and argue their case regarding priority and entitlement to such proceeds;

7. That the United States Marshals shall prepare such documents and reports as may be necessary for the confirmation of the sale by the United States District Court;

8. That a confirmation hearing shall be held at the United States District Court at Providence, Rhode Island or remotely, on a date and time to be established by the Court, which shall be after the objection period provided for by LAR E(10)(f);

9. That Incredible shall inform any successful bidder, not a party to this case, of the date and time of the confirmation hearing;

10. That, as allowed in the Security Agreement and this Court's Order at ECF No. 35, at 2, at any time prior to the commencement of the Court ordered public auction by the United States Marshals Service, Incredible may cancel the Court ordered public auction and otherwise "sell and convey title [to the Vessel] as set out in the Security Agreement."

Because this recommendation differs from the proposed form of Order that Incredible filed with its motion, I direct it to submit a new form of Order that conforms to the foregoing.

Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
February 21, 2024